JAMES T. LANE, RESPONDENT, *v.* ROSWELL C. WILLIAMS AND OTHERS, APPELLANTS.

*Bill of particulars — when not allowed in an action for malicious prosecution.*

In an action to recover damages for a malicious prosecution the defendants were charged with having used a debt which they held, to procure an attachment against the plaintiff, whereby his credit and business were injured. The defendants applied for a bill of particulars "of the persons who refused to give him (the plaintiff) credit, as alleged in the amended complaint; the amount of credit refused; the damages sustained by each of said refusals; the time when such credit was refused," and also the name of each person who stopped deal-ing with the plaintiff, and the amount of credit lost by each person.
*Held,* that the application was properly denied.

APPEAL from an order, made at a Special Term, denying a motion to compel the plaintiff to furnish the defendants with a bill of particulars.

*Banks & Henderson,* for the appellants.

*Martin J. Keogh,* for the respondent.

BARNARD, P. J. :

This is an action to recover damages for an alleged malicious prosecution. The defendants are charged with maliciously using a debt which they held against the plaintiff to procure an attachment whereby plaintiff's credit and business was injured. The defend-ants apply for a bill of particulars "of the person who refused to give him credit, as alleged in the said amended complaint; the

amount of credit refused; the damages sustained by each of said refusals; the time when such credit was refused," and also the "name of each person who stopped dealing with the plaintiff," and the amount of custom lost by each person. The application was properly denied. The action does not depend upon proof of these particulars. The basis of it is malice and lack of probable cause to sue out the attachment. Loss of business, which is incident to the same, is a proper averment, if damage and proof thereof is admissible on the trial. It does not thereby become the subject of a bill of particulars. As well order a bill of particulars of the good and worthy citizens in a slander action, who respected the plaintiff before the slander and of those who did not so esteem him after the alleged publication. An averment of loss of character and business is a common result of malicious acts, and, therefore, may be charged as the result in fact in the plaintiff's pleading. Such an averment may be sustained by proof of the malicious act, without proof of specific instances. In the present case the defendants have a very full examination of the plaintiff upon the subject of loss of custom and credit, and the bill of particulars is practically unnecessary, if otherwise proper.

The order should be affirmed, with costs and disbursements.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.